Merle O. Milligan Company, Appellee, v. Nelle V. Claiborne, Appellant.

No. 41123.

February 9, 1932.

Lehmann, Hurlburt & Hossfeld, for appellee.

Parsons & Mills and Gibson C. Holliday, for appellant.

Evans, J.—On January 8, 1930, Mrs. Claiborne, by written contract, listed her property with the plaintiff-company for sale. The contract constituted an exclusive listing for the period of six months. The plaintiff made persistent effort to sell the property for a period of about five months, whereupon a new contract was entered into between the parties, which partially cancelled the first contract. This was on June 2, 1930.

What little conflict there is in the evidence must be solved in support of the findings of the lower court. Only one question of dispute is presented for our consideration. That question turns upon the interpretation to be put upon the final writ-

ten contract between the parties. The first contract appears in the record as Exhibit A, and the second as Exhibit B. We quote from each all that is material to the question before us. In our quotation we italicize the particular portion of the contract which calls for interpretation by us:

"Exhibit A.

"The Owner Agrees: (1) To, and by this agreement does, give said Broker for a period of six months the sole and exclusive right to find a purchaser for or sell the following described Real Estate: 2900 Rutland for $6,000.00, payable $1,000.00 cash and the balance of $5,000.00 at the rate of $50.00 per month, with interest included at 6%, or any other price and terms acceptable to the owner. Said cash payment shall be deposited with the listing Broker pending the furnishing and examination of a merchantable abstract as per this contract. Purchaser shall have a reasonable length of time for the examination of said abstract.

"(2) To pay said broker 5% commission on the first ten thousand dollars of the sale price and 2½% on the balance, (a) if said broker finds a buyer who shall be ready, willing and able to purchase during said period upon the price and terms above stated, or at any other price and terms that may be agreed upon, or (b) *if said property is sold by the Owner, or his authorized agent, or any other person or persons during said period,* or (c) if said property is sold by the Owner within six months thereafter to any person, firm or corporation with whom said Broker negotiated with respect to a sale during the term hereof; provided, that owner has been notified in writing by agent of names of said prospects before expiration of listing."

"Exhibit B.

"In consideration of the cancellation of the listing given Merle O. Milligan Company, Jan. 8th, 1930, for the sale of property located at 2900 Rutland and the relinquishment or waiver of all claims of said company against me by virtue of said listing, I or we do hereby agree that if said property *is sold by myself or my authorized agent or any other person or persons during the period set forth in the listing contract,* or if said property is sold within six months after the expiration of said contract to any person, firm or corporation with whom said

broker negotiated with respect to a sale during the term of said contract, provided that owner has been notified in writing by agent of name of said prospect before expiration of listing, the commission set forth in listing contract shall be due and payable, at once.''

It will be noted that Exhibit A contained three alternatives, or contingencies, which would render the broker entitled to his commission. They are designated in the contract as (a), (b), and (c).

It will be noted further that by the provisions of the later contract, Exhibit B, that proviso designated as (a), and contained in the original contract of January 8, is wholly eliminated, and the defendant is thereby wholly discharged from the obligation to accept a customer ready and able to buy.

Those provisos in Exhibit A designated as (b) and (c), however, are expressly reserved to the broker. By the proviso (b) the broker became entitled to his commission if and when the owner herself should sell the property *within* the listing period. She did sell the property *within* the listing period, and on June 27, 1930. This necessarily fixed her liability. The contention for the defendant is that the broker was entitled to his commission only on condition specified in (c) of Exhibit A, as preserved in Exhibit B. None of these conditions were complied with. Clearly these conditions have no reference to the proviso (b). These simply provided for a commission for the broker if a sale be made to any of the broker's customers within six months *after* the listing period. In such event it would be the duty of the broker, on or before the expiration of the listing period to furnish the defendant with the names of prospective purchasers whom he claimed to have interviewed. This condition does not, and can not, have any reference to an actual sale by the owner herself *before* the expiration of the listing period. By its terms the very condition is excluded from application to paragraph (b). The trial court properly construed the contracts. We are not unmindful that the case has its hardship. The property was encumbered. The price at which Mrs. Claiborne sold her property was only $200 in excess of the encumbrances. The commission awarded against her is $170. That was a hardship, however, which she would have encountered in

any event, even if a sale had been made by the broker within the listing period. It was her privilege to have protected herself at the time of entering into the contract. She contracted for the hardship, and the arm of the court is too short to relieve her from her contract.

The judgment below must accordingly be affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, DE GRAFF, MORLING, and KINDIG, JJ., concur.